Hear our argument in 12-2047 Stevenson v. City of Seat Pleasant. Mr. Latimer. Good morning, Your Honor. My name is Brandon Latimer, and I represent the appellants in this matter. This is a case involving four young men who happened to visit a nightclub in Maryland, and one of them unfortunately was asked to leave. The gentlemen as they were leaving were were going back to their vehicle, began chanting and slapping their batons in the palms of their hands, and then chased after these young men and proceeded to beat them with their clubs, their fists, and their feet. They knocked Christopher Howard out. They broke the arm of Marcus Stevenson. They beat Gary Barnett about the legs until he fell, and they punched and hit Kirk Bond. The lawsuit was filed in the district court, and the trial court entered summary judgment, and in doing so, on the edge of summary judgment with respect to Mr. Howard and Mr. Barnett, trial court allowed one count against Officer Lowry to proceed the trial against Mr. Stevens with respect to Mr. Stevenson, who did recover in that case, but this matter is about the granting of the summary judgment with respect to the claims of Mr. Howard and Mr. Barnett regarding Officer Aday, Prince George's County, and with respect to Mr. Stevenson regarding Officer Aday and Prince George's County. And in granting summary judgment, the trial court for all intents and purposes ignored the positions of the plaintiffs. Summary judgment is supposed to be about undisputed facts entitling one part of the judgment. The non-movement is supposed to be given the benefit of all evidence and all reasonable inferences that can be drawn from that evidence. The trial court did not do that. The trial court ignored the evidence presented by the plaintiffs. In fact, the trial court admitted that it made an error with respect to one claim, which was bystander liability, wrote a decision indicating that it recognized this error, that it was going to correct this error with regard to Mr. Stevenson, because it didn't want the Fourth Circuit to have to do it for him. And then, inexplicably, after it was given an opportunity by the plaintiffs to correct this error with regard to everybody and not just Mr. Stevenson, the trial court declined to do so. You've got us in a procedural mess. My first question to you is, why didn't you appeal the denial of summary judgment under Rule 59E in January 2011? Because that was not a final order. It did not dispose of the entire case. And so it disposed the case against two of them. It did, but it did not dispose of the entire case. My understanding of the rule is that a court entering summary judgment that only disposes a part of a case does not constitute a final judgment, because there are still aspects of the case that are still going on. And in this particular case, quite frankly, the judge did correct himself on one of the errors that he did make. So it would have been premature had we done it with respect to that. But my understanding of the rule is that if the summary judgment motion does not dispose of the entire case, then it will be premature to bring that case to the appellate court because the court would not have jurisdiction at that point. So that's why we did not do that. And I don't believe that there has been any interpretations that differ from that from this circuit. We did take a look at that at the time, and that issue has not, as far as my research goes, that issue has not been rendered that way. Let's assume you're right on that point. You filed a motion for 60B in May of 2012, which is within the year when the denial of 59E was done in May of 2011. Correct. Within one year. Yes, sir. And it looks like you pled bystander liability in your complaint. Yes, sir. I guess the trial judge got confused about whether you have to name a particular officer or not. I don't think you have to do that. I don't either. And the reason we filed a 60B was because the trial court had indicated that it made an error. And the trial court, in indicating that it made an error, said that it would prefer to correct the error with regard to Mr. Stevenson rather than have this court correct the error for him. And so we filed the motion thinking to give the trial court an opportunity to address that matter so that we wouldn't have to be here. We wanted to give the trial court an opportunity to correct this error as it said it wanted to do, and then the trial court told us we were untimely. That I didn't understand because we were filing that with a 459E motion to alter or amend. Clearly, we were within the one-year period when the court had denied that motion, and the court said that our motion was in actuality a motion directed to the motion for summary judgment, which procedurally doesn't make sense because we had already addressed that in a motion to alter or amend. But the problem with this case is the facts just didn't support what the court said. I mean, these gentlemen talking about being beat up, and believe them or not, is not the role of the trial court. It seems to me there's plenty of blame to go around here. At the summary judgment stage, you didn't really advance the bystander liability claim to any great extent, did you? Well, that's what the trial court said, but that's where we disputed that. I think you clearly pled it. No question you pled it, but it seemed you suggested it wasn't necessary for them to reach it or something. Well, I did. I said that, but that wasn't us giving up. What I'm saying is we pled bystander liability, but in this case, you really don't have to go there. Bystander liability is there. We've pled it, and clearly when you've got eight to 10 police officers engaging in what is clearly inappropriate conduct, you don't beat up people for no reason. I mean, I don't think anybody would suggest that that's especially when you're not making an arrest and you're not talking about fleeing felons or anything of that nature. We were saying that no matter how you look at it, because the question was, can you identify them? I personally don't feel that if you beat me up so severely that I have a problem identifying which blow you through, which kick that you made, which hand you had the baton in, that the reasonable inference that a jury should be allowed to make is that if you were in that group of people who jumped me, then they should be able to make a decision as to whether or not you should be held liable. So we were telling the trial court, look, I understand that my man, Mr. Howard, is knocked out and he can't identify these people. They're actively, as the people testify, these officers were actively and purposely trying to shield their identity. And so we only could get a couple of names, but the point of the matter is these are the people that they pointed out. These are the officers that they identified as being in the group, but you don't have to go there. If they're in that group, irrespective of whether or not I can say that you threw the punch or you beat me, if you're in the group where they are stomping me and they are kicking me and they are beating me for no reason, bystander liability clearly holds you liable irrespective of whether or not I can say whether you kick me, hit me, or stomp me. And that's what we were saying. What happened at trial to make the bystander liability issue come to life again? What happened was that there was an argument made during closing, and then there was an argument made in rebuttal to the closing, and the trial judge, after getting a note from the jury about whether you can be held responsible for excessive force under certain circumstances, reassessed the position. And then when he looked at it again, he, based upon his understanding of the law, determined that you could be held liable. He then looked at the complaint, realized, in his view, changed his mind that we had pled that, and so he decided to let that question go. And then afterwards, in the post-trial motions, when he looked at it, he revisited everything again. He admitted that he had made a mistake, but made a determination that because it was his mistake and not the defendant's mistake, that the defendant should have the full benefit of a new trial because he was making a change of mind during the course of the trial. And so he set that aside and then ordered a new trial with respect to that. In the meantime, that case was settled and resolved, and so that's not before the court at this point. But it all came down to, I mean, the trial judge, in our opinion, made the right call at the end. He did acknowledge his error, but to be honest with you, I just don't understand why, after acknowledging the error that he made, that he refused to correct that error with respect to everybody and not just Mr. Stevenson, because everybody else was just as Mr. Stevenson. They were there, they were beaten, and they were just as wrong as Mr. Stevenson was wrong. And but fundamentally speaking, there is not a single undisputed fact in this case in which summary judgment should have been granted. And the argument made by Prince George's County that because the judge dismissed a day from the lawsuit, that they're not responsible under the Maryland Constitution for responding as superior just makes no sense, because there were other officers identified. Officer Savoy was specifically identified by Mr. Burnett as being a ringleader of the entire group. In fact, he was the person that told him to go get them, and they identified or indicated there were several other police officers on the scene from Prince George's County. They just couldn't identify them. So the suggestion that Prince George's County, when the liability is based upon responding as superior under the Maryland Constitution, should be dismissed from the case has no factual or legal basis. And the evidence in this case, if looked at in the light most favorable to the plaintiff, which it had to be under the summary judgment standard, no basis for summary judgment existed, and the trial court committed what we believe is reversible error. If there are no other questions, I will reserve the rest of my time. Thank you. Thank you. Ms. Johnson. Good morning, Your Honor. I'm Shelley Johnson, Associate County Attorney representing the Appalachians, Prince George's County, Maryland, and Officer Ricky Yatey in the with regards to Prince George's County and the summary judgment. The reason why summary judgment was properly granted as to that claim is because if you look at the complaint, count six, the plain language of that, and that is on Janet, in the Joint Appendix, page 17, paragraph 39, the City of St. Pleasant in Prince George's County is liable on the basis of responding as superior for any violation of the Maryland Declaration by defendants Lowry and Aday that deprive plaintiffs of their rights under Article 24 and 26. So even though at the beginning in the facts of the complaint, counsel may have alluded to that other officers from Prince George's County, Maryland, were involved in this alleged attack, when they got to count six, when they asserted the claim, they narrowed that claim to only deal with officers Lowry and Officer Aday. They did not anywhere in that count mention any unnamed officers, Officer Savoy, and he never asked the court for leave to amend the complaint to add that language in there. So the court properly looking at the plain language of that count said that since plaintiffs failed to show that Officer Aday struck any of the then plaintiffs that Prince George's County, Maryland, cannot be held responsible under responding as superior. Count five does the same thing. It just talks about officers Lowry and Aday. It says that with deliberate indifference and reckless disregard for the safety and well-being of the plaintiffs, did commit or allow to be committed. So that bystander liability seems to be limited to those defendants. Exactly, Your Honor. And more importantly with that claim, that claim was dismissed with prejudice back in February of 2010 when the county and Officer Aday filed a motion to dismiss. Counsel for the appellants didn't file an opposition. That motion was totally unopposed and was granted. And also in count five of that complaint, they're talking about an illegal seizure. They were talking about, count appellants were talking about, we're not really talking about excessive force because the excessive force is count one, which really was not even a 1983 claim because that's nowhere mentioned in count one. But in counts five, it was talking about the illegal seizure. And when the court granted our motion to dismiss on that claim, they found, and which was totally unopposed, was that Officer Aday did not arrest any of the appellants. He didn't arrest anybody. It was Officer Lowry. And the court found that that arrest was based on probable cause. So therefore, the court properly granted the unopposed motion to dismiss so the appellants cannot come back and try to attack a summary judgment, which, you know, even if you, they still will not get to bystander liability against Officer Aday by attacking the summary judgment because at the time of the summary judgment was granted, that claim containing bystander liability had been long gone from the complaint. So you concede that in fact bystander liability was pled? I can see where the court may have gave the, may have signed on the error of caution by saying that it could have been pled. But as a court, as to, I will let office, the counsel for seat pleasant deal with that issue. But I can say for it was not pled at that time against Aday and Prince George's County because it wasn't in the complaint. And the only claims that were viable at the time summary judgment against Officer Aday was count one, and it was not in count one. Counsel will not come up here and point to any language in count one where they say bystander liability is in count one because it simply isn't there. Their briefs all point to count five for that language. And count five was long gone by the time summary judgment was granted in this case. And when we come to why the court granted summary judgment in favor of Officer Aday, it was clear that the only dispute of fact that we had in that case was created by the appellants. And it all depended on which version you wanted to, wanted to give credit to. If you wanted to give his deposition was asked point blank, did Officer Aday hit or strike Stevenson, Bond, or Howard? And he said Aday struck Bond. Well, at that point, Mr. Bond was no longer a party to this lawsuit. He chose not to participate and summary judgment was granted in the defendant's favor on all claims regarding Mr. Bond. So the fact that Mr. Barnett, at deposition, identified Officer Aday as striking Mr. Bond is totally irrelevant and it can be totally disregarded because the only people that really mattered at that point were the parties that were still present, which was Stevenson, Howard, and Barnett. And Mr. Barnett did not identify Officer Aday as striking any of them. And also what I think... He didn't then, but he did later. He did later, after the close of discovery, after he is faced with a motion for summary judgment, here comes an affidavit, an affidavit by Mr. Barnett. And as this court has repeatedly said, you know, you cannot create a dispute of material fact when you are faced with summary judgment. That is not the time when you create a dispute of material fact by manufacturing an affidavit. And the court has done that in Roseboro and in Barwick. And they found that, you know, that the affidavit in those two cases were vain efforts to create an issue of fact by a general statement after the close of discovery that produced nothing to support the claim. And that's exactly what happened here. Mr. Stevenson did not identify Officer Aday. Mr. Howard did not identify Officer Aday. Mr. Barnett, at deposition, had plenty of opportunities and did not identify Officer Aday as striking any of those appellants, any of the appellants. And then when faced with summary judgment, miraculously, he has this epiphany, and he creates this affidavit to create that and create this dispute of material fact. That is not proper. The court properly found that this was a sham affidavit, and they could not and would not give it any credit. So I think that based on all of those facts, that it was clear that, you know, the court had absolutely no choice because there was no dispute that Officer Aday was not identified as striking or using excessive force against Appellant Stevenson, Appellant Barnett, or Appellant Howard. And those were the individuals that were parties at the summary judgment stage. And so if you do not have, if you can't identify them and you can't say that he struck one, struck one of the appellants, then you cannot have an excessive force claim, you cannot have a battery claim, and those were the claims that were alive at summary judgment. And if you cannot have an underlying claim, then there is no way that you can impose responding as superior against the county for an action of Officer Aday. And although although appellants may have wanted to hold the county liable for all these unnamed people, or Officer Savoy, who really hasn't been established, was a Prince George's County police officer, then he should have stated that in count six. He failed to do it. He limited himself to just Officer Aday, and the court was correct in finding so. Finally, for the motion that I have already talked about, the motion to vacate was properly denied. Again, I think that, you know, this is an, what council was asking for is an extraordinary remedy, and they have shown that the motion is timely, and I suggest that, in essence, to get the relief that he wants, he would have to have the motion to dismiss vacated. And this motion, the motion to vacate, was not timely. And if you did overturn it, and he would still not get the relief that he wants. The claims are not meritorious, which he would be required to show, and for the reasons that I have just stated, there is no dispute that Officer Aday, there's no evidence to show Officer Aday struck any of the now appellants, and there is no responding as superior liability for these was not asserted in the actual count or claim. So, I would say that for all of those reasons, this court should affirm the district court and affirm the grant of summary judgment. All right. Thank you, Ms. Johnson. Thank you. Ms. Shearer. Good morning, Your Honors. May it please the Court. My name is Victoria Shearer, and I'm here representing Officer LeVance Lowry of the City of Seat Pleasant, Maryland. As the Court is aware, the procedural history of the case is slightly unusual, but the legal issues are fairly straightforward, particularly as to my client. Appellants Howard and Barnett, who are the only appellants with to my client, assert that the trial court erred by granting Officer Lowry's motion for summary judgment as to them. With respect to Count 5 of the complaint, which was the only remaining count against Officer Lowry at that time, Count 5 asserted a 1983 claim of unreasonable seizure. So, the allegations of the complaint are not at issue here. What's at issue is whether summary judgment was properly granted in favor of my client as to plaintiffs or appellants Howard and Barnett. As background, Officer Lowry was the only City of Seat Pleasant officer who responded to the strip club that was patronized by the appellants that evening. There's no record evidence to dispute Officer Lowry's testimony that he had no involvement with Mr. Howard or Mr. Barnett, and that his sole involvement at the scene was in arresting Mr. Stevenson. He arrested him for hindering the proper arrest of Kirk Bond, who was in the group. Mr. Stevenson tried to interfere with that arrest twice. Officer Lowry also testified that he did not hit or strike anyone, and that testimony is undisputed by any facts pointed to by the appellants. When arrested, Mr. Stevenson was found to have over a gram of marijuana in his pocket. He thereafter made a deal with the prosecutor's office in Prince George's County to perform community service in exchange for a stat docket. The trial court granted Officer Lowry's motion for summary judgment as to appellants Howard and Barnett, but denied Officer Lowry's motion for summary judgment as to Mr. Stevenson by a quote-unquote hair. That case was later tried, and the trial court upon, I would just make a comment about something that plaintiff's counsel said about what happened at trial. I was not the trial attorney. My partner Daniel Karp was the trial attorney, and what happened according to the record is that Mr. Karp mentioned in his closing argument that Officer Lowry could not be held liable simply for being present at the scene, which is basically what plaintiff's counsel was arguing. So in his rebuttal closing argument, plaintiff's counsel then asserted bystander liability all of the sudden. It had not been asserted by him in any of his pre-trial submissions to the district court. There was no requested jury instruction on it. It was not listed as an issue to be tried, and so this was a surprise in the rebuttal argument of plaintiff's counsel that he brought this up and tried to assert it. That was the basis for the trial court then making its inconsistent rulings, and really it's not an issue here. What's at issue here is whether Howard and Barnett have a claim against Mr. Lowry or Officer Lowry, and indeed they don't, and the reason is that there was no evidence, and indeed appellant points to no evidence in the record in his brief to support such a claim. Now Mr. Stevenson, in his response to Officer Lowry's interrogatories, failed to identify Officer Lowry as being one of the police officers who allegedly assaulted him. That's in the joint appendix 88 to 90. Mr. Stevenson was deposed, and he described physical interactions with police officers, but he did not identify having any contact with Officer Lowry, and indeed was unable to say who Officer Lowry was. Well, help me out here on the bystander liability issue. He has to prove three things. One, that a fellow officer was violating the individual's constitutional rights, had a reasonable opportunity to prevent the harm, and chose not to act. By his simply being there, well the question to you, by his simply being there with his fellow officers and choosing not to see what's going on, why can't he be held liable for bystander liability? Well, first of all, we contest that bystander liability should be at issue at all. You understand that from reading our brief. Second, we've asserted that if bystander liability was asserted in the complaint that it was waived or abandoned because it was never mentioned in any discovery responses, and then, of course, you know that in opposition to summary judgment, plaintiff's counsel brought up bystander liability for the first time, and the court held that it had not been pled. At that time, plaintiff's counsel could have asked for permission to amend the complaint to bring that claim or make it more clear, and he didn't do that, and so again, all the pretrial submissions later on didn't mention bystander liability, and so there's a grave inconsistency in plaintiff's assertion of such a claim, but more importantly... But the court then changed its mind at the trial and said that arguably bystander liability was an issue. Why wouldn't that apply to your client? It wouldn't apply to my client because there's no evidence of it to survive summary judgment. That goes to the merits, not to whether it was pled. So what's the... So you say there's no evidence supporting the theory. Well, if you assume that bystander liability was at issue because he did raise it in his opposition to motion for summary judgment, there was never any evidence pointed to that Officer Lowry... Well, you just said he was there. He was present, but that doesn't mean there's evidence that he witnessed an officer committing an unlawful act and that he was able to prevent it and intentionally chose not to. There's absolutely no evidence of that. The officer can't be held liable just because he was present, and so I think it's important to note that he's the only City of Seat Pleasant officer there. He has absolutely no supervisory position over the Prince George's County officers that are present. He has no ability to tell them what to do, but if he saw an unlawful act and there were evidence of that and he had the ability to prevent it and he chose intentionally not to do so, then he could be held liable. But it's incumbent upon the plaintiff to point to evidence in the record instead of making vague, unsupported, generalized allegations that amount to nothing more than pure speculation to show that Officer Lowry could be liable on such a basis to Mr. Howard or Mr. Barnett. The undisputed fact is that Officer Lowry had no contact with either one of those individuals and that there's no evidence that he witnessed anything being done to them by any officer that known to be unlawful and that he failed to intervene and prevent it. Well, just to play the devil's advocate with you for a minute, given the scene, couldn't a reasonable inference be drawn that he was there, he knew what was going on, and he didn't do anything about it? I missed the last part of that. And that he didn't do anything about it. Can a reasonable inference be drawn? Yeah, you've got six or seven officers there, and you've got this melee going on. Why couldn't a jury infer he disclosed his actions? Well, there's just no evidence. You'd have to resort to speculation and conjecture. The claim here is by Howard and Barnett that Officer Lowry, the claim that was made was that Officer Lowry hit and struck them. The claim was never made that it was bystander liability. That came later. But if the claim had been bystander liability, as then brought forth in the opposition to motion for summary judgment by Officer Lowry, the alternative holding of the trial court is that there's no evidence to support that. And I think that, as I said before, plaintiff's counsel can't rely upon speculation and conjecture. He's actually got to survive summary judgment by coming forward with admissible evidence to show. I see my time is up. Thank you very much. I'd like to address these misrepresentations of fact one by one. Prince George's County stands up and they say the first time that Mr. Barnett ever said anything about these officers striking anybody was after Discovery had closed and everything is over in an affidavit. Well, if you look to the Discovery in this case, his interrogatories, in fact, at page 418 of 432 of the Joint Appendix, where his entire interrogatories are set for the answers of Kirk Bond, in response to Interrogatory 3, Mr. Barnett says this, Kirk Bond, Chris Howard, and Martha Stephenson and I attended the Classics Nightclub. The occurrence began in the club when Chris Howard spotted a friend that he had not seen in a while. While they were speaking, one of the bouncers forced Chris Howard out of the establishment. Soon after, another bouncer grabbed Kirk Bond by the hand and forced him out as well. On the night of the occurrence, the officers involved improperly and callously inflicted bodily injuries on Kirk Bond, Chris Howard, Martha Stephenson, and I. The incident was unprovoked as we were enjoying the Classics Nightclub. We were hit with police batons, fists, and feet. Officer Savoy was the aggressor. He initiated the occurrence. He and several officers huddled together and soon after sprinted to where we were and began to attack us. Officer Aday inflicted several damaging blows to each person while other officers assisted in preventing us from defending ourselves. Excessive force was used throughout the occurrence. The officers involved continued to hit and beat us as we all lay on the ground injured and heavily outnumbered. I was hit several times in the back and in the back of the leg. So when they said that there was nothing that this man ever said about these officers, specifically Aday and Savoy, being involved in beating people during discovery and it affidavit after the fact that was a sham and made up, that's not true. Well, I don't think Ms. Johnson is saying that. What she's saying is that these interrogatory responses and affidavits contradict earlier deposition testimony where Mr. Barnett said, I don't know who hit who. Well, that's not what he said. Well, he said this. He was asked whether Officer Aday ever hit Barnett. He said no. He was asked whether he saw Officer Aday physically hit, touch, or come into contact with Barnett, Stevenson, Bond, or Howard. He replied, Mr. Bond. That's completely contradictory to his interrogatory responses where he's now identifying people that he didn't identify in his deposition. That's the problem. Well, I think that his affidavit was in order to clarify exactly what he was doing. You give your interrogatories, they were long before his deposition. The time to be clear, it seems to me, is when you're under oath at a deposition. Well, I think you're under oath at interrogatories and you're under oath in an affidavit. Well, how do you deal with our case law that says that you can't create a genuine issue of material fact by contradicting earlier sworn testimony? But he doesn't contradict the interrogatories. That's the point. The affidavit does not contradict the interrogatories. What about the deposition? Well, the deposition contradicts the other part. That goes to the weight of the evidence. It doesn't go to the admissibility of the evidence. That goes to the weight of the evidence. Our case law says it doesn't. Well, the case law says you cannot have an affidavit that contradicts earlier sworn testimony. But the earlier sworn testimony is the interrogatories. That's the earlier sworn testimony. And it doesn't contradict that. If you're talking about this, I mean, people- So we're to ignore entirely the deposition testimony? I'm sorry? We are to ignore entirely Mr. Barnett's deposition testimony? I don't think you ignore any evidence in a case. And it goes to weight. I mean, this man testified and this stuff was used. He testified at the trial. And all this stuff was used. And a jury heard this. And a jury, notwithstanding the proclamations that there was nothing meritorious about the $36,000, and they heard all of these. Well, you said this here, and you said this here, and you said this here. But the point of the matter is that when you're looking at this, the trial court has to give the plaintiff, the non-moving party, the benefit of the doubt. All reasonable inferences are to be looked at in our favor. The fact that you may have contradictory statement, it doesn't mean that you don't look at that evidence. And again, even taking what you said, the earliest, long before any of these issues came about, way before the deposition, way before the affidavit, you have the interrogatory. And the interrogatory is to spell it out. Can I ask you, why did you not oppose the motion to dismiss? I mean, there were a number of issues with regard to that, Your Honor. It wasn't because of not wanting to. I'll put it that way. I mean, there were a number of issues that were going on with regard to the defendant, I mean, the plaintiffs, I'm sorry. And in order to make certain submissions, one has to comply with the rules. And if you're not able to make those submissions and make representations that you can stand behind with regard to the court, I don't think anyway that you should do that. And so that was the reason, until we had resolved those issues, that I did not feel that a proper motion, opposition, could be submitted. Mr. Latimer, anybody who's ever had a client can understand that answer. I appreciate your honesty. Your time is up, and we appreciate your argument. Thank you, Your Honor. The Court
judges: Albert Diaz, Henry F. Floyd, Joseph F. Anderson Jr.